838 F.2d 472
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles WALKER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-1159.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1988.
 
 Before ENGEL and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Charles Walker appeals from the judgment of the United States District Court for the Eastern District of Michigan granting summary judgment in favor of the Secretary of Health and Human Services. The Secretary had affirmed the Appeals Council's denial of Social Security disability insurance benefits to Walker.
 
 
 2
 At the time of the hearing, Walker was 51 years old and was employed at the Ypsilanti Regional Psychiatric Hospital as a dishwasher and housekeeper. In 1984 Walker injured his back and thereafter reported significant lower back pain radiating into his neck and left leg which prevented him from returning to work.
 
 
 3
 On March 20, 1985, Walker initiated a claim for Social Security disability and disability insurance benefits. The medical evidence revealed that Walker had sought treatment for his back pain from a chiropractor as early as 1979. Testimony of Walker's chiropractor, along with several other doctors with whom Walker consulted, indicated that although the doctors were unable to diagnose Walker's condition precisely, they did conclude that he should not engage in activities involving repetitive lifting, bending, and twisting. The Administrative Law Judge (ALJ) found that Walker, while not having a medical condition which met or equalled the terms set forth in the Listing of Impairments, did lack the residual functional capacity to perform the full range of sedentary work. The ALJ concluded that Walker was disabled and entitled to benefits.
 
 
 4
 The Appeals Council decided to review the ALJ's opinion. On April 16, 1986, it issued a decision finding that Walker had degenerative arthritis, but that his complaints of severe disabling pain were not entirely credible. The Appeals Council concluded that Walker did have the functional capacity to perform at least light work and denied benefits.
 
 
 5
 Walker then commenced a civil action in the United States District Court for the Eastern District of Michigan. The case was assigned to a U.S. Magistrate who issued a report recommending that the benefits be awarded, since the ALJ's decision was supported by substantial evidence and thus the Appeals Council lacked jurisdiction to review that decision. The district judge, noting that the jurisdictional case relied on by the magistrate had since been overruled, reviewed Walker's case in its entirety, ruled that the Appeals Council's decision was supported by substantial evidence, and granted summary judgment in favor of the Secretary.
 
 
 6
 On appeal Walker argues that the Appeals Council's decision denying disability benefits was not based on substantial evidence and that the Appeals Council improperly reviewed the ALJ's findings, since it relied on a program that is invalid under the Administrative Procedure Act.
 
 
 7
 At oral argument counsel for Mr. Walker correctly conceded that although the file was marked for "Bellmon Review," the decision of the Appeals Council to review the ALJ's award of benefits cannot be challenged under W.C. v. Bowen, 807 F.2d 1502 (9th Cir.1987), since this issue was not raised before the Appeals Council or the district court. It was also represented to the court, without objection, that the deficiencies in rulemaking found by the Ninth Circuit in W.C. v. Bowen did not exist here, since the administrative action by the Appeals Council in this case occurred well after rules permitting such review had been promulgated by the Secretary.
 
 
 8
 Walker's counsel also acknowledged our decision in Mullen v. Bowen, 800 F.2d 535 (6th Cir.1986) (en banc), which requires us to determine only whether the position of the Appeals Council, rather than that of the ALJ, is supported by substantial evidence. Nevertheless, in our review of the record, Walker's counsel urges us to place greater weight on the superior vantage point of the ALJ, since the ALJ was able to assess directly the credibility of the various witnesses testifying before him. We recognize, as we did in Mullen, that the determination of substantial evidence is one made from a review of all of the evidence in the record, taken as a whole, including that which fairly supports the decision of the Appeals Council and that which fairly detracts from it. Upon such a review, however, we are unable to conclude that the Appeals Council's decision was lacking in substantial evidence. The general absence of consistent treating physicians, the absence of any prescribed medication, and the inability of these physicians to diagnose Walker's condition as anything more than arthritis all provide substantial evidence within the meaning of that term as defined in the statute and by this court in Mullen. Where such evidence exists and is contrued favorably to the findings of the Council, a court on appeal may not reach a contrary result based on a mere disagreement or a preference for the position expressed by the administrative law judge.
 
 
 9
 Accordingly, the judgment of the district court is AFFIRMED.